UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVID SCOTT JOHNSON 84970

VERSUS

MR. BURL CAIN, WARDEN, ET AL

CIVIL ACTION

NO. 09-454-RET-CN

**RULING ON MOTION**

This matter is before the Court on plaintiff's Motion for Appointment of Counsel and Motion for Appointment of Investigative Expert, filed November 16, 2009. (Dkt. # 11).

Pro se plaintiff, David Scott Johnson, is an inmate at Louisiana State Penitentiary (LSP), Angola, Louisiana and filed this action pursuant to 42 U.S.C. § 1983 against the Warden of the prison and several guards at the prison, alleging that the defendants used excessive force against him.

A civil rights complainant has no right to automatic appointment of counsel. A trial court is not required to appoint counsel for an indigent plaintiff in a civil rights case unless the case presents exceptional circumstances. Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982).

As explained in Ulmer, supra,:

> [9] A federal court has discretion to appoint counsel if doing so would advance the proper administration of justice. 28 U.S.C. 1915(d) (1976). Although "[n]o comprehensive definition of exceptional circumstances is practical," a number of factors should be considered in ruling on requests for appointed counsel. These include: (1) the type and complexity of the case, ...; (2) whether the indigent is capable of adequately presenting his case, ...; (3) whether the indigent is in a position to investigate adequately the case,...; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in presentation of evidence and in cross examination,... (cites omitted).

In the present case, the Court finds that such exceptional circumstances are not apparent at this time. This claim is neither factually nor legally complex and no other factor in Ulmer, supra, is found to require appointment of counsel. Plaintiff's brief in support of his motion for appointment of counsel sufficiently sets forth the requirements for considering the motion and sets

forth the elements he must show in order to present his case on the merits. His brief shows that plaintiff understands the proceedings and can address the issues presented. Plaintiff is aided in his investigation of this matter by the fact that he will have the Administrative Remedy Procedure documents. He can use these documents in order to ascertain what additional discovery needs to be done. This dispute is factual and is not complicated. Further, it does not appear that any great skill will be needed to cross examine the witnesses on the issues in this case. Pro se plaintiffs are given great flexibility in the examination of a witness. Lastly, plaintiff has adequately presented his case thus far and does not appear to come within the "exceptional circumstances" test.

Plaintiff also asserts that he has a limited knowledge of the law. This is true of nearly every prisoner who prosecutes a pro se lawsuit. For this reason, pro se pleadings are held to less stringent standards than formal pleadings drafted by a lawyer. Haines v. Kerner, 404 U.S. 519 (1972). This Court is liberal in reviewing inmate pro se pleadings and motions filed under section 1983, giving inmates ample opportunity to amend if necessary, and granting generous extensions of time to comply with Court orders. Consequently, the Court's liberal construction of prisoner section 1983 pleadings and motions, coupled with the lack of complexity of the legal issues in this case as well as plaintiff's apparent ability to litigate this action pro se, convinces the Court that the appointment of counsel is not necessary at this time. In the event that it subsequently appears that plaintiff is unable to effectively prosecute his claim pro se, the Court will reconsider plaintiff's motion, and if warranted, appoint counsel to represent him at that time.

Appointment of counsel would be of little service to the court or the plaintiff and would not significantly assist in the shaping of the examination of the witnesses or sharpening the issues for trial.

Having considered the factors set forth in Ulmer v. Chancellor, 691 F.2d 209, 211 (5th Cir. 1982), the court finds that appointment of counsel is not required or warranted in this case.

Plaintiff also requests the appointment of an investigative expert. Federal Rules of Evidence, Rule 706, which governs court appointed experts, contemplates the appointment of an expert to aid the court, not to assist a

plaintiff.  Further, plain language of the in forma pauperis statute does not provide for the appointment of expert witnesses to aid an indigent litigant. *See*, 29 U.S.C. § 1915.[1]

Accordingly,

**IT IS ORDERED** that plaintiff's motion for appointment of counsel is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of investigative expert is **DENIED**.

Signed in chambers in Baton Rouge, Louisiana, November 18, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[1] Hannah v. U.S., 523 F.3d 597 (5th Cir. 2008).