UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DAVID SCOTT JOHNSON (#84970)**                     **CIVIL ACTION**

**VERSUS**

**MR. BURL CAIN, WARDEN, ET AL.**                     **NO. 09-0454-BAJ-CN**

**O R D E R**

    This matter comes before the Court on the plaintiff's Motion in Limine, rec.doc.no. 57, pursuant to which he seeks to exclude certain evidence from the trial of this matter. This motion is opposed.

    Initially, the plaintiff seeks to exclude evidence regarding his prior convictions and the prior convictions of his co-inmate witnesses. In making this motion, the plaintiff concedes that Rule 609 of the Federal Rules of Evidence allows the introduction of evidence of prior felony convictions and evidence of prior non-felony convictions (provided that they involve acts of dishonesty or false statement). The plaintiff argues, however, that the Rule also requires that the prejudicial effect of this evidence be weighed against its probative value. Notwithstanding, the law is clear that the "prejudice-weighing prerequisite to admissibility of felony convictions applies only in criminal trials." Coursey v. Broadhurst, 888 F.2d 338 (5th Cir. 1989). Accordingly, "Rule 609(a)(1) requires a trial judge to permit impeachment of a civil witness with evidence of prior felony convictions regardless of ensuant unfair prejudice to the witness or the party offering the testimony." Id. Accordingly, the plaintiff's motion must be denied in this respect. Notwithstanding, the Court believes, in its discretion, that although the fact of any such convictions may be admissible,

evidence regarding the factual details surrounding or underlying the convictions should be excluded as irrelevant and as calculated only to inflame the jury. Further, the Court notes that Rule 609(b) generally mandates the exclusion of evidence of convictions if the convictions are more than ten years old or if the sentences for same were completed more than ten years prior to trial. Accordingly, the Court finds that evidence of any such age-limited convictions should be excluded.

The plaintiff next seeks exclusion of an Accident/Injury Report dated August 14, 2008. This request shall also be denied. Rule 803(4) of the Federal Rules of Evidence provides that "[s]tatements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment" are not excluded by the hearsay rule. The referenced document, therefore, is clearly admissible under this Rule because it was prepared upon the plaintiff's arrival at the prison infirmary on the referenced date, and it describes the plaintiff's characterization of the manner in which he sustained injury. Although the plaintiff asserts in the instant motion that he provided a false characterization of the manner in which he sustained injury because he "feared of retaliation", this assertion does not warrant exclusion of the document. Rather, the plaintiff will have an opportunity at trial to explain his rationale for providing the information which he provided.

Finally, the plaintiff seeks exclusion of a disciplinary report authored by defendant Marcus Callahan, dated August 11, 2008. This request shall be granted. Disciplinary reports prepared by security officers are out-of-court statements and, to the extent that they are

offered for the truth of the matters asserted therein, constitute hearsay evidence under Rule 801(c) of the Federal Rules of Evidence. While they may be admissible under the exception to the hearsay rule provided in FRE 803(8)(C), which allows for the admission of "factual findings resulting from an investigation made pursuant to authority granted by law", this exception does not apply if "the sources of information or other circumstances indicate lack of trustworthiness." In making the "trustworthiness" determination, the focus is on the reports' reliability, i.e., on whether the report was compiled or prepared in a way that indicates that its conclusions can be relied upon. Moss v. Ole South Real Estate, Inc., 933 F.2d 1300 (5th Cir. 1991). Further, such reports are admissible only as to the fact-findings contained therein that are based on the knowledge or observations of the investigating officer, and are not admissible to prove the truth of the hearsay statements of other persons contained therein. Cf., Martin v. Strain, 2009 WL 1565869 (E.D. La., June 2, 2009) ("To the extent that defendants proffer the police reports to prove the truth of the hearsay statements of the inmate and deputy witnesses to the incident, which are contained in the reports, they are not admissible."). This Court has often concluded that disciplinary reports prepared by prison security officers who are named as defendants in litigation do not fit within the exception of Rule 803(8)(c) because they are often self-serving and are inherently untrustworthy. The disciplinary report in the instant case, authored by defendant Marcus Callahan, suffers from this deficiency and also consists of assertions relative to events not personally witnessed by defendant Callahan but told to him by other persons. Accordingly, the report should be excluded. Defendant Callahan may certainly testify as to what he personally observed on August 11, 2008, as to what he was told by the

plaintiff (as non-hearsay admissions by a party-opponent), as to the fact that the plaintiff was charged with a disciplinary violation for "Aggravated Fighting" on that date, and as to matters within his personal knowledge. Therefore,

**IT IS ORDERED** that the plaintiff's Motion in Limine, rec.doc.no. 57, be and it is hereby **GRANTED IN PART,** such that the disciplinary report of August 11, 2008, authored by defendant Marcus Callahan, is excluded as an exhibit at trial, and **DENIED IN ALL OTHER RESPECTS**, with the caveat that evidence regarding prior convictions of the plaintiff and his co-inmate witnesses shall be limited to the fact of any prior convictions (which are not age-limited by Rule 609(b) of the Federal Rules of Civil Procedure) and shall not include factual details underlying or surrounding the convictions themselves.

Signed in chambers in Baton Rouge, Louisiana, June 17, 2011.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**