**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**DAVID SCOTT JOHNSON (#84970)**  CIVIL ACTION

**VERSUS**

**MR. BURL CAIN, WARDEN, ET AL.**  NO. 09-0454-BAJ-CN

**O R D E R**

This matter comes before the Court on the plaintiff's (1) Motion to Stay ... and for Leave to File Second Request for Production of Documents, (2) Motion for Leave to File Amended Second Request or Third Request for Production of Documents, and (3) Request for Leave of Court for Additional Discovery ... and for Order Compelling Discovery, rec.doc.nos. 60, 70 and 73.

By Order dated October 19, 2009, rec.doc.no. 8, the Court directed the parties to complete all discovery within ninety (90) days of the defendants' first appearance. On October 12, 2010, the defendant appeared herein through the filing of an Answer, and on November 29, 2010, the plaintiff propounded a request for production of documents, to which request the defendant responded on December 20, 2010. On January 14, 2011, several days outside of the 90-day discovery period, the plaintiff filed a request for leave to propound three additional requests for production of documents, see rec.doc.no. 60, seeking thereby to obtain (1) a copy of the transcript of his deposition taken on December 8, 2010, (2) copies of medical records reflecting treatment to his shoulder after the incident of alleged excessive force on August 11, 2008 and (3) a copy of the recording of his disciplinary board hearing conducted on August 13, 2008. Finally, on March 14 and 24, 2011,

respectively, the plaintiff filed additional requests for leave to propound discovery, see rec.doc.nos. 70 and 73, seeking thereby to obtain copies of any and all grievances or complaints made by other inmates relative to defendant Whitaker and copies of documents pertaining to an interview allegedly conducted of the plaintiff on an unspecified date in 2009.

Initially, the Court concludes, relative to the plaintiff's first request for leave to conduct additional discovery, rec.doc.no. 60, that because this motion, filed in January, 2011, was neither far outside the discovery period nor unduly burdensome, the motion shall be granted, allowing the plaintiff the discovery requested therein, with one caveat. Specifically, the defendant shall not be required to provide to the plaintiff a copy of the transcript of his deposition conducted on December 8, 2010. In this regard, Rule 30(f)(3) of the Federal Rules of Civil Procedure provides that, "[w]hen paid reasonable charges", the reporter conducting a deposition shall furnish a copy of the transcript to any party. It is generally recognized that a party desiring a copy of a deposition transcript is obligated to contact the reporter and make arrangements for the payment of a reasonable charge for such copy. See Schroer v. United States, 250 F.R.D. 531 (D. Colo. 2008), and cases cited therein. Accordingly, the plaintiff is not entitled to a free copy of his deposition transcript from the defendants and is required to obtain a copy thereof by contacting the reporter who presided over the deposition.

The Court further concludes, relative to the plaintiff's motions for leave to conduct additional discovery filed in March, 2011, rec.doc.nos 70 and 73, that these shall be denied as untimely. These motions were filed long after expiration of the allowable discovery period, and the

plaintiff has failed to show any justification for his failure to seek the referenced discovery during the allowable period.  Accordingly,

**IT IS ORDERED** that the plaintiff's Motion to Stay ... and for Leave to File Second Request for Production of Documents, rec.doc.no. 60, be and it is hereby **GRANTED**, such that the defendants are hereby directed to respond to the plaintiff's request for production of documents filed in January, 2011, with the additional caveat that the defendants are not required to provide to the plaintiff a copy of the transcript of his deposition conducted on December 8, 2010.[1]

**IT IS FURTHER ORDERED** that the plaintiff's Motion for Leave to File Amended Second Request or Third Request for Production of Documents, rec.doc.no. 70, and Request for Leave of Court for Additional Discovery ... and for Order Compelling Discovery, rec.doc.no. 73, be and they are hereby **DENIED**.

Signed in chambers in Baton Rouge, Louisiana, June 17, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[1] To the extent that the instant motion, rec.doc.no. 60, also requests that the Court withhold a ruling on the plaintiff's pending Motion in Limine, rec.doc.no. 57, this request is denied.  The Motion in Limine was filed in January, 2011, and the parties have had ample opportunity to address and argue the issues raised therein.