UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVID SCOTT JOHNSON (#84970)          CIVIL ACTION

VERSUS

BURL CAIN, ET AL.          NO.: 09-00454-BAJ-SCR

RULING AND ORDER

Before the Court is Plaintiff David Scott Johnson's **Motion for Relief Pursuant to Rule 60(b) Federal Rules of Civil Procedure and Request for Appointment of Counsel (Doc. 156)**[1], seeking an order from this Court vacating its previous ruling, reinstating Plaintiff's in forma pauperis status, and granting his request for counsel. Plaintiff asserts that "due to mistakes, inadvertence, surprise, excusable neglect or fraud," the order entered September 6, 2012 denying Plaintiff's request for counsel was entered in error and should be nullified.[2] (Doc. 156, at 1.) The motion is unopposed. Oral argument is not necessary.

I.    Background

Plaintiff was initially granted in forma pauperis status by the Court on October 19, 2009. (Doc. 7.) During the course of discovery, however, Plaintiff filed at least one

---

[1] Plaintiff did not designate a name for his motion in the proper format. Nevertheless, the Court concludes that Plaintiff's filing is pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and the motion will be treated accordingly.

[2] The order to which Plaintiff refers was actually entered on September 7, 2012. See Doc. 148.

appeal before the United States Court of Appeals for the Fifth Circuit, which was eventually dismissed as frivolous. (Doc. 139.) Subsequently, pursuant to 28 U.S.C. § 1915(g), the Court vacated its order granting Plaintiff in forma pauperis status and ordered him to pay the full filing fee within twenty-one (21) days. (Doc. 146.) Plaintiff did not pay the fee. On September 7, 2012, the Court issued a ruling and judgment dismissing Plaintiff's complaint without prejudice for failure to pay the filing fee. (Docs. 148, 149.) Plaintiff filed a motion for reconsideration of the Court's order and judgment, which the Court treated as a motion for new trial. (Doc. 153.) The Motion was denied and judgment was entered dismissing Plaintiff's action. (Docs. 154, 155.) Plaintiff filed the instant motion asking the Court to vacate its judgment, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

## II. Discussion

Under Rule 60(b), a district court can grant relief from a final judgment for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct by an opposing party; (4) a void judgment; or (5) a judgment that has been satisfied, discharged, reversed or otherwise vacated. Fed.R.Civ.P. 60(b)(1)-(5). The court can also set aside a judgment for "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(6). Relief under this "catch-all" provision is available, however, "only if extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir.2002). Even as the "grand reservoir of equitable power to do justice," the rule is not easily invoked. *Hernandez v. Thaler*, 630 F.3d 420, 429 (5th Cir. 2011). Further, the burden of establishing at least one of the Rule 60(b)

requirements is on the movant, and the determination of whether that burden has been met rests within the discretion of the court. *Card v. Keffer*, 2012 WL 6871559, at *1 (W.D. La. 12/20/12).

In support of the motion, Plaintiff has provided an extensive declaration of why he is in need of counsel; an account of the procedural history in the case; and a summary of the alleged injustices being committed against him by the Defendants. Plaintiff also attempts to rebut the Court's findings pursuant to 28 U.S.C. § 1915(g), asserting that the Magistrate Judge incorrectly found Plaintiff in excess of three frivolous filings. (*See* Doc. 156, at 19-20.)

After a review of the record, the Court concludes that Plaintiff's case was properly dismissed for failure to pay the filing fee. Consequently, Plaintiff has placed himself within the limitations of 28 U.S.C. § 1915(g) and therefore is subject to the requirements established by law. Concerning his request for appointment of counsel, the Magistrate Judge properly found at the inception of this case that "[a] civil rights complainant has no right to automatic appointment of counsel. A trial court is not required to appoint counsel for an indigent plaintiff in a civil rights case unless the case presents exceptional circumstances,"[3] and that no such appointment was warranted in this case. (Doc. 12.) Moreover, as Plaintiff's case has been dismissed, any issues concerning the appointment of counsel are now moot.

---

[3] *See Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982).

Plaintiff has failed to satisfy the prerequisites necessary to be relieved from final judgment under Rule 60(b), as he has not presented to the Court any exceptional circumstances under the law that would necessitate a different outcome.

Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion for Relief Pursuant to Rule 60(b) Federal Rules of Civil Procedure and Request for Appointment of Counsel** (Doc. 156) is DENIED.

Baton Rouge, Louisiana, this 12th day of May, 2014.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA